UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 22-10052-RGS


JEAN SHEA BUDROW

v.

CALIBER HOME LOANS, INC., SHELLPOINT
MORTGAGING SERVICING, and NEWREZ, LLC
d/b/a SHELLPOINT MORTGAGE SERVICING


MEMORANDUM AND ORDER ON
DEFENDANTS' MOTIONS TO DISMISS
FOR FAILURE TO STATE A CLAIM


June 14, 2022


STEARNS, D.J.

In two separate motions, defendants Caliber Home Loans, Inc.
(Caliber), Shellpoint Mortgaging Servicing, and Newrez, LLC d/b/a
Shellpoint Mortgage Servicing (together, Shellpoint) move to dismiss
plaintiff Jean Shea Budrow's Complaint, arguing that Budrow has failed to
state a claim for which relief can be granted. Upon review of the parties'
briefs, the court agrees, and allows defendants' motions to dismiss.

## BACKGROUND

On September 24, 2003, Budrow executed a $294,300 adjustable rate promissory note with Washington Mutual Bank, FA (Washington Mutual), secured by a mortgage encumbering 6900 Estero Boulevard, Unit 303, Ft. Myers Beach, Florida (the Property). Compl. ¶¶ 15-17. On November 13, 2014, the Federal Deposit Insurance Corporation, acting as receiver for Washington Mutual, assigned the mortgage to JP Morgan Chase Bank, N.A. (Chase). *Id.* ¶ 2. Chase then assigned the mortgage to U.S. Bank Trust, N.A., as Trustee for the LSF9 Master Participation Trust (U.S. Bank Trust), the same day. *Id.* ¶ 6. On August 24, 2018, the mortgage was assigned from U.S. Bank Trust to Morgan Stanley Mortgage Capital Holdings LLC (Morgan Stanley). *Id.* ¶ 11. Budrow's mortgage was first serviced by Chase, then by Caliber starting around August of 2014, and finally by Shellpoint starting on August 1, 2018. *Id.* ¶¶ 9, 12, 264.

Budrow failed to pay her July 1, 2011, mortgage payment, as well as all subsequent payments. *Id.* ¶ 83. On January 28, 2013, Chase filed a foreclosure action in Florida state court. *Id.* Although she initially contested the foreclosure, Budrow entered into a loan modification agreement with Caliber in May of 2017, and the foreclosure was dismissed the following

month.  *Id.* ¶¶ 87, 135.  On January 13, 2022, Budrow filed this lawsuit in federal court.

## DISCUSSION

"The sole inquiry under Rule 12(b)(6) is whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintiffs, the complaint states a claim for which relief can be granted." *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 7 (1st Cir. 2011).  In most circumstances, the plaintiff need not demonstrate a "heightened fact pleading of specifics," but rather must present "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Accordingly, facts that are "merely consistent with" a defendant's liability are inadequate. *Id.*  Further, the recitation of the elements of a claim, "supported by mere conclusory statements," is insufficient to establish facial plausibility. *Id.*

### Breach of Mortgage Contract

As the court has already determined, *see* Dkt # 34, Florida law applies to all claims concerning Budrow's mortgage contract.

Budrow levels four breach of contract allegations against Caliber. First, Budrow argues that Caliber failed to give notice of the acceleration of her debt.  According to the Complaint, however, the acceleration of the loan resulted from Chase's filing of the foreclosure action in January of 2013, which preceded Caliber's involvement with Budrow's mortgage.  *See* Compl. ¶¶ 36, 83, 86; Compl. Ex. 3.  It follows that Caliber cannot be held liable for Chase's actions.  *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992), quoting *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 41-42 (1976) (there must be "a causal connection between the injury and the conduct complained of – the injury has to be 'fairly . . . trace[able] to the challenged action of the defendant and not . . . [t]he result [of] the independent action of some third party'").

Next, Budrow contends that Caliber breached the mortgage contract because it never filed a motion substituting itself for Chase Bank and therefore did not have standing to pursue the foreclosure.  This claim is unsustainable under settled Florida foreclosure law.  *See Levine v. Gonzalez*, 901 So.2d 969, 973 (Fla. 4th DCA 2005), citing Florida Rule of Civil Procedure 1.260(c) ("After the transfer [of interest], the action may be continued in the name of the plaintiff.  Substitution is not necessary . . . .").

Budrow's claim that Caliber was required to provide loss mitigation or special accounting for the amounts in its loan modification offer is similarly at odds with Florida law. *See, e.g.*, *Silver v. Countrywide Home Loans, Inc.*, 760 F. Supp. 2d 1330, 1345 (S.D. Fla. 2011), *aff'd*, 483 F. App'x 568 (11th Cir. 2012) (no breach of contract where lender/servicer "had no contractual obligation to restructure or modify [plaintiff's] loan").

Finally, Budrow challenges various charges that she contends Caliber improperly added to her loan. At the outset, any charges complained of occurring before 2017 are barred by Florida's five-year statute of limitations for contractual claims. *See* Fla. Stat. § 95.11(2)(b). The one remaining charge – the purchase of lender-placed insurance for the Property from June 9, 2017, to June 9, 2018 – was cancelled once Budrow furnished Caliber with proof of a Flood and Hazard Insurance policy that covered the Property during that period. *See* Compl. ¶¶ 145-146. Thus, the Complaint fails to establish any actionable breach of the mortgage contract by Caliber.[1]

---

[1] Because Budrow fails to state a breach of contract claim against Caliber, her claim alleging breach of the implied covenant of good faith and fair dealing fails as well. *See Burger King Corp. v. Weaver*, 169 F.3d 1310, 1317 (11th Cir. 1999) (absent an actionable claim that a defendant breached an express term of the contract, "no independent cause of action exists under Florida law for breach of the implied covenant of good faith and fair dealing").

Budrow's breach of contract claim against Shellpoint fares no better. Although Budrow argues that Shellpoint had a "*duty . . . to notify* [her] when Lender is not in compliance with the Mortgage and requirements of Section 15 [notice in writing] of alleged breach and [was] then required to take corrective action," Compl. ¶ 381, Section 15 – as Shellpoint notes – "simply addresses mailing practices," Shellpoint Mem. (Dkt # 31) at 5. To the extent that the court can decipher Budrow's argument in her opposition to Shellpoint's motion to dismiss, Budrow seems to contend that Shellpoint violated Section 3 of the mortgage contract[2] by assessing excessive escrow payments attributable to improperly purchased lender-placed insurance. However, Exhibit 5 to the Complaint – an annual escrow analysis dated January 31, 2019 – establishes that Shellpoint collected additional escrow payment amounts in anticipation of a November 2018 county tax payment, and not as a reimbursement for lender-based insurance.[3] *See* Compl. Ex. 5 at 4. Had Shellpoint not charged higher escrow payments during this period, Budrow's escrow account would not have had sufficient funds to make the

---

[2] Section 3 of the mortgage contract, entitled "Funds for Escrow Items," requires Budrow to pay the lender for taxes into an escrow account on a monthly basis.

[3] Where, as here, "the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007).

county tax payment as required by the terms of the mortgage. *See id.* Thus, the Complaint does not plausibly allege that Shellpoint breached Section 5, Section 15, or any other provision of the mortgage contract.

**Mass. Gen. Laws ch. 93A**

Because, as discussed above, claims concerning the mortgage contract are governed by Florida law, Budrow's Chapter 93A claims against Caliber and Shellpoint both fail. *See NPS, LLC v. Ambac Assurance Corp.*, 706 F. Supp. 2d 162, 169 (D. Mass. 2010), quoting *Ne. Data Sys., Inc. v. McDonnell Douglas Comput. Sys. Co.*, 986 F.2d 607, 610 (1st Cir. 1993) ("[I]f a contract is governed by a particular state's law under a choice of law provision, then a party cannot bring a claim under another state's statute if that statutory claim is 'essentially duplicative' of a contract claim."). Budrow's Chapter 93A claims against Caliber and Shellpoint are "essentially duplicative" of her mortgage contract claim. *Ne. Data Sys.*, 986 F.2d at 610.

**Remaining Claims Against Caliber**

The remaining claims against Caliber can be dispatched *in brevis.* Budrow's accounting,[4] unjust enrichment,[5] and wrongful foreclosure[6] claims are not actionable under Florida law.   Further, Budrow's tort claims of negligent misrepresentation, fraud, and negligent infliction of emotional distress – whether analyzed under Florida or Massachusetts law – are barred by the statute of limitations, as they do not allege relevant behavior by Caliber occurring later than 2017.   *See* Fla. Stat. § 95.11(3)(a) (four-year statute of limitation for "[a]n action founded on negligence"); *id.* § 95.11(3)(j) (same, for "[a] legal or equitable action founded on fraud"); Mass. Gen. Laws ch. 260, § 2A ("[A]ctions of tort . . . shall be commenced only within three years next after the cause of action accrues.").

---

[4] "[A]ccounting is best understood as a remedy for a cause of action, not as a cause of action in its own right."  *Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 151 F. Supp. 3d 1294, 1306 (M.D. Fla. 2015).

[5] "No cause of action in unjust enrichment can exist where the parties' relationship is governed by an express contract."  *Zarrella v. Pac. Life Ins. Co.*, 755 F. Supp. 2d 1218, 1227 (S.D. Fla. 2010).

[6] "Florida does not recognize a cause of action for wrongful foreclosure."  *Heyward v. Wells Fargo Bank, NA*, 2020 WL 10353829, at *5 (M.D. Fla. Oct. 6, 2020).

## ORDER

For the foregoing reasons, defendants' motions to dismiss are ALLOWED.  The clerk will enter judgment accordingly and close the case.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE